# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-KA-01010-SCT

*LEVON BROOKS a/k/a LEE V. ROBINSON a/k/a*
*TYTEE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/12/95 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | NOXUBEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CURTIS AUSTIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 7/31/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/22/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

On July 13, 1995, the Circuit Court of Noxubee County dismissed Levon Brooks' Motion for Leave to File an Out of Time Appeal of his capital murder conviction and sentence. Aggrieved, Brooks appeals to this Court, assigning as error that the trial court erred in dismissing his motion.

**I.**

On January 17, 1992, a jury in the Circuit Court of Noxubee County found Levon Brooks guilty of capital murder and, two days later, recommended life imprisonment in the Mississippi Department of Corrections, which verdict the trial court adopted in its order entered on January 22, 1992. On April 26, 1993, Brooks filed in that court a Motion for Leave to File an Out of Time Appeal. By letter dated April 28, 1993, the circuit court administrator notified Brooks' attorney that the judge had advised her that because the term of court in which Brooks was sentenced had ended, the judge no

longer had jurisdiction in the case, and thus Brooks' motion should be filed in the Supreme Court. On September 29, 1994, the circuit court entered its order denying Brooks' motion.

On June 11, 1993, Brooks filed in this Court a Motion for Leave to File an Out of Time Appeal. By order dated September 29, 1994, we ruled as follows:

> Miss. Code Ann. § 99-39-7 requires that motions under the Mississippi Uniform Post-Conviction Collateral Relief Act be filed in the trial court except where there has been an appeal to this Court which was affirmed or dismissed. Because Brooks did not file an appeal, this Court is without jurisdiction to consider this matter. This matter shall be, and hereby is, dismissed without prejudice to file in the trial court.

*Brooks v. State*, No. 93-M-675 (Miss. Sept. 29, 1994). Accordingly, on November 7, 1994, Brooks again filed in the circuit court a Motion for Leave to File an Out of Time Appeal. Once again, by order entered on July 13, 1995, the circuit court ruled that it had no jurisdiction in the case, and dismissed the motion without prejudice to be filed in the Supreme Court.

## II.

The State acknowledges that under the authority cited by this Court in its previous order regarding this matter, the circuit court has jurisdiction to consider Brooks' Motion for Leave to File an Out of Time Appeal. The State accordingly recommends that the circuit court's dismissal of the motion be reversed and remanded for consideration of the motion. We agree, and reverse and remand with instructions that the circuit court consider Brooks' motion.

**REVERSED AND REMANDED.**


**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE AND ROBERTS, JJ., CONCUR. PRATHER, P.J., AND SMITH, J., NOT PARTICIPATING.**